# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FITZGERALD, | Case No. 1:21-cv-01409-JLT-SAB |
| Plaintiff, | ORDER DENYING THE STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER |
| v. | |
| CITY OF FRESNO, et al., | (ECF No. 26) |
| Defendants. | |

**I.**

**INTRODUCTION**

This action was removed to this Court on September 22, 2021. (ECF No. 1.) On May 31, 2022, a scheduling order was issued (ECF No. 16), which has twice been modified by stipulation of the parties: on January 23, 2023 and July 21, 2023. (ECF Nos. 18, 19, 24, 25.) The July 21, 2023 third modified scheduling order contains the following operative dates and deadlines:

    1.    Non-Expert Discovery Deadline: **March 26, 2024**;

    2.    Expert Disclosure Deadline: **April 17, 2024**;

    3.    Supplemental Expert Disclosure Deadline: **May 17, 2024;**

    4.    Expert Discovery Deadline: **June 13, 2024**;

    5.    Dispositive Motion Filing Deadline: **August 7, 2024**;

    6.    Pretrial Conference: **January 6, 2025,** at **1:30 p.m.**, in **Courtroom 4**; and

7. Trial: **April 1, 2025**, at **8:30 a.m.**, in **Courtroom 4**.

(ECF No. 25.) In its July 21, 2023 order granting the parties' modified scheduling order, the Court advised the parties that "[n]o further extensions will be granted." (ECF No. 25.) Currently before the Court is the parties' third stipulation to amend the scheduling order deadlines which the Court construes as a stipulated motion to modify the scheduling order. (ECF No. 30.)

## II.

## LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

# III.

# DISCUSSION

On February 20, 2024, the parties filed a stipulation to modify all dates in the scheduling order as follows: extend (1) non-expert discovery deadline from March 26, 2024 to May 24, 2024; (2) initial expert disclosure deadline from April 17, 2024 to June 17, 2024; (3) supplemental expert disclosures from May 17, 2024 to July 16, 2024; (4) expert discovery deadline from June 13, 2024 to August 12, 2024; (5) dispositive motion filing deadline from August 7, 2024 to October 7, 2024; the pretrial conference from January 6, 2025 to March 10, 2025; and trial from April 1, 2025 to June 9, 2025. (ECF No. 26 at 2-3.)

The parties proffer that "a number of depositions have taken place in the last month," but the parties "contemplate approximately twelve additional depositions." (Id. at 2.) The pending depositions include each of the three individually named defendants in this action, medical providers, third-party witnesses, and members of the Sacramento Police Department. (Id.) The parties contend that some of the pending deposition will impact the completion of necessary reports by experts. (Id.) Further, the parties have met and conferred, and Plaintiff has agreed to an independent psychiatric examination, which has yet to be scheduled. (Id.)

As a threshold matter, the Court expressly advised the parties in its July 21, 2023 order granting the second stipulated modification to the scheduling order that "[n]o further extensions will be granted." (ECF No. 25 at 1.) Additionally, in the Court's May 31, 2022, scheduling order, the Court advised the parties that:

> **Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

(ECF No. 16 at 7 (emphasis in original).)

The parties' current motion is devoid of any explanation why, despite the Court express advisement that no further extensions would be granted, the scheduling order should be modified

for a third time. While proffering the requested extension would greatly assist the parties in completing discovery, retaining experts, having further settlement discussions, and preparing for trial, the parties make no showing that, "even with the exercise of due diligence, they cannot meet the requirement" of the current scheduling order. Johnson, 975 F.2d at 609. The Court acknowledges that this is a stipulated motion and there is no demonstration of prejudice to any party. However, the parties have not demonstrated good cause that the Court should grant a sixty-day extension to every deadline, including the pretrial conference and trial dates. Although there may be additional relevant discovery to be uncovered—especially given the fact that Plaintiff has yet to take the deposition of *any* named Defendant—the parties have not demonstrated that the contemplated pending discovery cannot be completed by March 26, 2024.

The Court notes that the parties may agree to conduct non-expert discovery after the March 26, 2024 deadline, especially given the parties' representations they have met and conferred regarding the remaining twelve depositions and the parties have agreed to Plaintiff's to-be-scheduled psychiatric examination. Should the parties agree to engage in non-expert discovery after March 26, 2024, they must do so without judicial enforcement, as any discovery motion made to the Court "may result in denial of the motion as untimely." (See ECF 16 at 3.)

The Court previously advised the parties that no further modifications would be granted. Accordingly, the Court denies the parties' stipulated motion to modify the scheduling order.

### IV.
### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' stipulated motion to modify the scheduling second amended scheduling order is DENIED.

IT IS SO ORDERED.

Dated:   **February 21, 2024**                         _____
                                                                                    UNITED STATES MAGISTRATE JUDGE